**MARTORELL LAW APC**
Eduardo Martorell, State Bar No. 240027
EMartorell@Martorell-Law.com
Christopher Rosario, State Bar No. 326436
CRosario@Martorell-Law.com
Evan Miller, State Bar No. 336473
EMiller@Martorell-Law.com
6100 Center Drive, Suite 1130
Los Angeles, CA 90045
Telephone: (323) 840-1200
Facsimile: (323) 840-1300

Attorneys for Defendants Ye;
YEEZY RECORD LABEL, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ALICE MERTON, an individual, MERTON & GRAUWINKEL GMBH, a German corporation, PAPER PLANE PUBLISHING GMBH, a German corporation,

Plaintiff,

v.

Ye, an individual, and YEEZY RECORD LABEL, LLC, a limited liability company,

Defendants.

Case No.: 2:25-cv-02615

**MEMORANDUM OR POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS YE AND YEEZY RECORD LABEL, LLC'S RULE 12 MOTION**

Filed concurrently with:
(1) Notice;
(2) Declaration of Evan Miller; and,
(3) Proposed Order

Hearing Date: January 16, 2026
Time: 1:30 P.M.
Courtroom: 6B

Action Filed: March 25, 2025
Complaint Served: Sept. 17, 2025

MARTORELL LAW APC
Litigation & Trial Counsel

MARTORELL LAW APC
Litigation & Trial Counsel

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Ye and Yeezy Record Label, LLC ("Defendants") respectfully submit this Memorandum of Points and Authorities in Support of Defendants' Rule 12 Motion ("Motion") concerning the FAC of Plaintiffs Alice Merton, Merton & Grauwinkel GMBH, and Paper Plane Publishing GMBH ("Plaintiffs").

## I. INTRODUCTION

This is a copyright infringement action concerning the alleged use of Plaintiff's musical composition "Blindside" in Defendants song "Gun to the Head."

However, Plaintiffs also allege what might amount to the infringement of the unregistered sound recording. (*See id.* ¶¶ 69, 70, 73.) And, the FAC includes immaterial, impertinent, and scandalous (1) allegations concerning prior infringement actions involving Defendants at paragraphs 3 and 33-44 and (2) allegations concerning the holocaust and antisemitism at paragraphs 19 and 56.

Therefore, for the reasons set forth in more detail below, the Court should grant Defendants' Rule 12 Motion and issue an order requiring a more definite statement of Plaintiff's infringement claim and striking paragraphs 3, 19, 33-44, and 56 from the FAC.

## II. STATEMENT OF FACTS

The FAC claims that Defendants "Gun to the Head" infringes the musical composition of Plaintiffs' "Blindside." (*See* Complaint ¶¶ 1, 4.) And, attached to the Complaint is the registration certificate for the "Blindside" musical composition. (*See id.*, Exh. A.)

However, Plaintiffs also allege that "Defendants knowingly transferred or caused to be transferred. . . the **sounds recorded** and owned by Plaintiffs when Defendants wrongfully and without permission sampled Plaintiff's sound recording in 'Gun to My Head'," (Complaint ¶ 69 [emphasis added]), "Defendants knowingly produced, manufactured, and sold **sound recordings** of 'Gun to My Head' with knowledge that the recording contained unauthorized samples of Plaintiffs' work

'Blindside'," (*id.* ¶ 70 [emphasis added]), and "Plaintiffs demand judgment against Defendants for . . . sale of albums containing the **sound recording** 'Gun to My Head'," (*id.* ¶ 73 [emphasis added]). Plaintiffs do not allege that the "Blindside" sound recording was registered with the Copyright Office.

Additioanlly, Plaintiffs made allegations concerning (1) Defendants' involvement with previous copyright infringement cases, (Complaint ¶¶ 3, 33-44) and (2) matters concerning the Holocaust and antisemitism, (*id.*, ¶¶ 19, 56).

## III. THE COURT SHOULD ORDER A PLAINTIFFS TO MORE DEFINITELY STATE THEIR CLAIM FOR COPYRIGHT INFRINGEMENT

The Court should order a more definite statement because the ambiguity of Plaintiff's Complaint prevent Defendants from knowing if they should prepare a defense concerning the sound recording of "Blindside." *See* Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading [that] is so vague or ambiguous that the party cannot reasonably prepare a response.")

Here, Plaintiffs explicitly alleges Defendants infringed the musical composition of "Blindside." (Complaint ¶¶ 1,4.) However, Plaintiffs also allege "Defendants knowingly transferred or caused to be transferred. . . the **sounds recorded** and owned by Plaintiffs when Defendants wrongfully and without permission sampled Plaintiff's sound recording in 'Gun to My Head'," (Complaint ¶ 69 [emphasis added]), "Defendants knowingly produced, manufactured, and sold **sound recordings** of 'Gun to My Head' with knowledge that the recording contained unauthorized samples of Plaintiffs' work 'Blindside'," (*id.* ¶ 70 [emphasis added]), and "Plaintiffs demand judgment against Defendants for . . . sale of albums containing the **sound recording** 'Gun to My Head'," (*id.* ¶ 73 [emphasis added]).

Currently, despite not explicitly pursuing the sound recording infringement claim, the scope of the FAC could allow Plaintiffs' discovery into matters exclusively concerning the sound recording referenced in paragraphs 69, 70, and 73

MARTORELL LAW APC
Litigation & Trial Counsel

of the FAC. And, that could eventually lead to Plaintiffs' late amendment of the pleadings to include such a claim.

However, if that is indeed Plaintiffs' plan, then Defendants should be apprised of it so that it can put forth mertious defenses, including in a motion to dismiss the sound recording claim based on Plaintiffs' failure to register the sound recording with the Copyright Office.

Therefore, to allow Defendants to reasonably respond to the entirety of the copyright claim, the Court should order Plaintiff to make a more definite statement clairifying whether they plan to pursue a sound recording claim. *See* Fed. R. Civ. P. 12(f).

## IV. THE COURT SHOULD STRIKE IMMATERIAL, IMPERTINENT, AND SCANDALOUS MATERIAL ALLEGED IN PARAGRAPHS 3, 19, 33-44, AND 56 OF THE FAC

The Court should strike from the FAC (1) immaterial and impertinent allegations in paragraphs 3 and 33 through 44, which concern Defendants' involvement in prior copyright matters, and (2) immaterial, impertinent, and scandalous allegations in paragraphs 19 and 56, which concern the holocaust and antisemitic remarks. *See* Fed. R. Civ. P. 12(f) ("The Court may strike from a pleading . . . any redundant, immaterial, impertinent or scandalous matter.")

"Immaterial matter is that which has no essential or important relationship to the claim for relief . . . ." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citation omitted), rev'd on other grounds, 510 U.S. 517 (1994). "Impertinent matter consists of statements that do not pertain, and are not necessary to the issues in question." *Id.* (internal quotation marks and citation omitted). "Scandalous matter is that which improperly casts an entity, usually a party, in a derogatory light and bears no possible relation to the cause of action or may cause prejudice." *Bose v. Wahl Clipper Corp.*, No. CV 11-06087 MMM (SHx), 2012 WL 12861186, *5 (C.D. Cal. Mar. 29, 2012).

MARTORELL LAW APC
Litigation & Trial Counsel

First, allegations in paragraphs 3 and 33 through 44, concerning Defendants' involvement in other copyright infringement matters, are immaterial and impertinent because evidence of prior violations of law are inadmissible to prove a propensity to commit the currently alleged infringement. *See* Fed. R. Evid. 404(b)(1) ("Evidence of any other . . . wrong, or act is not admissible to prove a persons character in order to show that on a particular occasion the person acted in accordance with the character."); *Unicolors, Inc. v. Urban Outfitters, Inc.*, 686 Fed.Appx. 422, 424 (9th Cir. 2017) ("The district court did not abuse its discretion in excluding evidence of Unicolors's prior copyright lawsuits."); *see also Fantasy, Inc.*, 984 F.2d at 1527 ("Superfluous historical allegations are a proper subject of a motion to strike.")

Moreover, the 12 cases taking place over 17 years are not even limited to concluded matters where Defendants have been found liable. *See e.g.* Complaint ¶ 44 (involving a matter still pending before this court). Under no theory of Plaintiff's case can mere accusations of infringement be material or pertinent to any theory of Plaintiff's case.

Second, allegations in paragraphs 19 and 56, concerning Plaintiff's connection to the Holocaust and Defendants' alleged antisemitic remarks, are immaterial, impertinent, and scandalous because they have no bearing on the alleged infringement and only serve to generate controversy in the press. *See, e.g.*, Anna Kaufman, *Ye sued for copyright infringement by German singer angered over antisemitism*, USA Today (Mar. 27, 2025, 1:07 P.M.), https://www.usatoday.com/story/entertainment/music/2025/03/27/kanye-west-lawsuit-copyright-alice-merton/82687475007/; Rachel Scharff, *Ye Stole IP From Artist Who Opposes Antisemitism, Suit Says*, LAW360 (Mar. 26, 2025, 9:12 P.M.), https://www.law360.com/articles/2316308/ye-stole-ip-from-artist-who-opposes-antisemitism-suit-says. Again, under no theory of the case is the Holocaust or antisemitism material or pertinent to whether "Gun to the Head" infringes the musical composition of "Blindside."

Therefore, the Court should strike paragraphs 3, 19, 33-44, and 56 because allegations concerning prior infringement cases, the holocaust, and antisemitism are immaterial, impertinent and scandalous in connection with the copyright infringement alleged in this case.

## V. <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant Defendants' Motion and issue an Order requiring Plaintiffs to make a more definite statement of its copyright claim (clarifying whether it is pursuing a sound recording claim) and striking paragraphs 3, 19, 33-44, and 56 of the FAC

DATED: December 2, 2025 MARTORELL LAW APC

By: /s/ Christopher A. Rosario
Eduardo Martorell
Christopher A. Rosario
Evan Miller
*Attorneys for Defendants*
YE and YEEZY RECORD LABEL, LLC

MARTORELL LAW APC
Litigation & Trial Counsel