Dylan D. Grimes (SBN 302981)
Paige M. Tomaselli (SBN 237737)
Lauren A. Andino (SBN 344132)
11846 Ventura Blvd., Ste 200
Studio City, CA 91604
Telephone: (310) 747-5095
dgrimes@grimelaw.com
ptomaselli@grimelaw.com
landino@grimelaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| ALICE MERTON, an individual, MERTON & GRAUWINKEL GMBH, a German corporation, PAPER PLANE PUBLISHING GMBH, a German corporation,<br><br>Plaintiffs,<br><br>v.<br><br>YE, an individual, and YEEZY RECORD LABEL, LLC, a limited liability company,<br><br>Defendants. | Case No.: 2:25-cv-02615<br><br>**PLAINTIFFS' EX PARTE APPLICATION TO AMEND THE SCHEDULING ORDER TO EXTEND THE DISCOVERY CUTOFF DEADLINE FOR THE LIMITED PURPOSE OF TAKING THE DEPOSITION OF DEFENDANT YE**<br><br>The Honorable Fernando L. Aenlle−Rocha<br>Complaint Filed: March 25, 2025<br>Discovery Cutoff: September 25, 2026<br>Pretrial Conference: February 19, 2027<br>Trial Date: March 15, 2027 |

TO ALL PARTIES AND ATTORNEYS OF RECORD:

Please take notice that Plaintiffs hereby apply ex parte to this Court, before the Honorable Fernando L. Aenlle-Rocha, for an order modifying the Scheduling and Trial Order (ECF No. 33) to extend the discovery cutoff deadline for a limited period of thirty (30) days, up to and including October 26, 2026, for the sole purpose of compelling and conducting the deposition of Defendant Ye. Specifically, Plaintiffs request that the Court extend the fact discovery cut-off by thirty (30) days from the date of the Court's order, solely for the purpose of taking the deposition of Defendant Ye on not less than ten (10) days' written notice, and that all other dates set in the Scheduling and Trial Order — including the expert discovery deadlines, the Final Pretrial Conference, and the March 15, 2027 trial date — remain unchanged.

This Application is made pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Civil Rules 7-11 and 7-19. As set forth in the accompanying Declaration, good cause and exceptional circumstances exist because Opposing Counsel has actively evaded all meet-and-confer efforts regarding deposition dates for several weeks, failed to produce the witness on a regularly noticed deposition, and weaponized a last-minute objection the night before the discovery cutoff in bad faith to run out the clock. Plaintiffs diligently sought Defendant Ye's deposition throughout the discovery period, but were

unable to complete it before the cut-off because Defendants failed to provide dates for their client despite repeated requests and a meet-and-confer agreement to do so. The limited relief requested will not disturb the trial date or any pretrial deadline.

Pursuant to Local Rule 7-19, Plaintiffs' counsel has notified Defendants' counsel that this Ex Parte Application is being filed, and that any opposition must be filed within twenty-four (24) hours of service in accordance with Judge Aenlle-Rocha's standing procedures.

This Application is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Lauren A. Andino and its exhibits, the [Proposed] Order lodged herewith, and the pleadings and records on file.

Dated: September 25, 2026

Respectfully submitted,

**GRIME LAW LLP**

By: *<u>/s/ Dylan D. Grimes</u>*
Dylan Grimes
Paige Tomaselli
Lauren Andino
*Attorneys for Plaintiffs*
*ALICE MERTON, MERTON & GRAUWINKEL GMBH, PAPER PLANE PUBLISHING GMBH*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs seek a narrow modification of the scheduling order: a thirty-day reopening of fact discovery for the single purpose of deposing Defendant Ye, a named party whose testimony is plainly relevant. Plaintiffs pursued Ye's deposition diligently throughout the discovery period. On a September 10, 2026 meet-and-confer call, the parties agreed to exchange deposition dates for their respective clients, and Plaintiffs promptly provided their clients' availability. Defendants, however, never provided dates for Ye despite Plaintiffs' repeated follow-up. With the September 25, 2026 fact discovery cut-off approaching and no response from Defendants, Plaintiffs noticed Ye's deposition for a date Ye had previously identified as available. Defendants objected and Ye did not appear, and Plaintiffs took the deposition off calendar to avoid unnecessary costs, reserving all rights.

The relief requested is modest and will not affect any other date. Because a party's deposition could not be completed within the discovery period as a direct result of the opposing party's failure to cooperate — not any lack of diligence by Plaintiffs — good cause exists under Rule 16(b)(4) to reopen discovery for this limited purpose.

### II. RELEVANT BACKGROUND

Plaintiffs filed this action on March 25, 2025. The Court's Scheduling and Trial Order set a fact discovery cut-off of September 25, 2026, a Final Pretrial Conference for February 19, 2027, and trial for March 15, 2027.

On September 10, 2026, counsel for the parties held a meet-and-confer call at which they agreed that Plaintiffs would provide alternate deposition dates for their clients and respond to Defendants' settlement position, and that Defendants would provide deposition dates for Ye and for their corporate designee. Plaintiffs complied. On September 11, 2026,

Plaintiffs' counsel confirmed the parties' agreement in writing, provided the availability of Plaintiffs' three clients, and reiterated that Defendants had agreed to provide dates for Ye and their Rule 30(b)(6) designee.

Defendants did not provide dates. On September 15, 2026, Plaintiffs' counsel called Defendants to follow up. On the call, Plaintiffs' counsel again requested Ye's deposition dates, but they could not provide them on that call, and agreed to get back to Plaintiffs' counsel with Ye's available dates.

On September 23, 2026, Plaintiffs' counsel followed up again in writing, noting that nearly two weeks had passed and that Plaintiffs were still awaiting Ye's deposition dates. Defendants again did not respond. With the discovery cut-off imminent and having received no dates, on September 21, 2026 Plaintiffs served a notice setting Ye's deposition for September 25, 2026 — a date Ye had previously represented as available.

On September 24, 2026, Defendants served an objection to the notice, asserting that the notice period was unreasonably short and that the date conflicted with a Rule 30(b)(6) deposition of Plaintiff Merton & Grauwinkel GmbH. Defendants also incorrectly stated in their objection that "Plaintiffs did not request dates for Ye's deposition or otherwise inquire regarding Ye's or Defendants' counsel's availability". To avoid burdening the parties with the costs of a deposition Ye did not intend to attend, Plaintiffs removed the deposition from calendar and reserved all rights. The deposition of Defendant Ye has not been taken. Further factual detail and the supporting correspondence are set forth in the accompanying Declaration of Lauren A. Andino.

## III. LEGAL STANDARD

A party seeking to modify a scheduling order must show "good cause." Fed. R. Civ. P. 16(b)(4). The good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

In deciding a motion to modify a Rule 16 scheduling order to reopen discovery, the Ninth Circuit directs district courts to consider: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence. *City of Pomona v. SQM N. Am. Corp*., 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting *U.S. ex rel. Schumer v. Hughes Aircraft Co*., 63 F.3d 1512, 1526 (9th Cir. 1995)).

## IV. ARGUMENT

### A. Plaintiffs Were Diligent, and Any Inability to Complete Ye's Deposition Resulted From Defendants' Non-Cooperation.

Diligence is the "primary" consideration in the good-cause analysis. Johnson, 975 F.2d at 609. The record establishes Plaintiffs' diligence. Plaintiffs raised Ye's deposition on the September 10, 2026 meet-and-confer call, secured Defendants' agreement to provide dates, confirmed that agreement in writing on September 11, and followed up again on September 23 when no dates were forthcoming. When Defendants still did not respond as the cut-off approached, Plaintiffs noticed the deposition for a date Ye had previously identified as available.

The Ninth Circuit has held that where a party timely pursues a deposition but is thwarted by the opposing party's conduct, denial of a Rule 16(b) modification is an abuse of discretion. In *Noyes v. Kelly Services*, 488 F.3d 1163 (9th Cir. 2007), the movant timely noticed a key deposition, the opposing party made repeated requests to delay, and the witness ultimately failed to appear; the court held that "[i]n view of [the

movant's] timely noticing of [the] deposition, [the opposing party's] multiple requests to delay the deposition, and [the witness's] failure to appear as scheduled, it was an abuse of discretion to deny the motion to modify the scheduling order." *Id*. at 1174. The same reasoning applies here: Plaintiffs pursued Ye's deposition, Defendants failed to provide dates despite agreeing to do so, and the deposition could not go forward before the cut-off as a result.

**B. Trial Is Not Imminent and Defendants Will Suffer No Prejudice.**

Trial is set for March 15, 2027 — nearly six months away — and the Final Pretrial Conference is not until February 19, 2027. Plaintiffs seek only a thirty-day window to take a single deposition, which can be completed well before any pretrial deadline. The limited relief requested will not disturb the trial date, the Final Pretrial Conference, or any other date in the scheduling order, and Defendants cannot be prejudiced by producing their own client for a deposition they were obligated to schedule during discovery. *See City of Pomona*, 866 F.3d at 1067 (denial of reopening was an abuse of discretion where any potential trial delay was not attributable to the movant's lack of diligence).

**C. The Deposition Was Foreseeably Necessary and Will Lead to Relevant Evidence.**

The deposition of Ye — a named defendant — is core party discovery that Plaintiffs sought within the discovery period. Ye's testimony is plainly likely to lead to relevant evidence concerning the claims and defenses in this action. The need for the deposition is not the product of any failure of foresight by Plaintiffs; it is the product of Defendants' failure to provide dates for their client.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court modify the Scheduling and Trial Order to reopen fact discovery for thirty (30) days from the date of the Court's order for the limited purpose of taking the deposition of Defendant Ye on not less than ten (10) days' written notice, and that all other dates, including the March 15, 2027 trial date, remain unchanged.

Dated: September 25, 2026

Respectfully submitted,

**GRIME LAW LLP**

By: *<u>/s/ Dylan D. Grimes</u>*
Dylan Grimes
Paige Tomaselli
Lauren Andino
*Attorneys for Plaintiffs*
*ALICE MERTON, MERTON & GRAUWINKEL GMBH, PAPER PLANE PUBLISHING GMBH*