UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE MERTON, et al.,<br>Plaintiffs,<br>v.<br>YE, et al.,<br>Defendants. | Case No. 2:25-cv-02615-FLA (KSx)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STRIKE AND FOR MORE DEFINITIVE STATEMENT [DKT. 39]** |

**RULING**

Before the court is Defendants' Ye, f/k/a Kanye Omari West ("Ye"), and Yeezy Record Label, LLC's (together, "Defendants") Motion to Strike and Motion for More Definitive Statement ("Motion"), pursuant to Fed. R. Civ. P. 12(e) and (f). Dkt. 39 ("Mot."), Dkt. 39-1 ("Mot. Mem."). Plaintiffs Alice Merton ("Merton"), Merton & Grauwinkel GMBH, and Paper Plane Publishing GMBH (collectively, "Plaintiffs") oppose the Motion. Dkt. 42 ("Opp'n"). On February 25, 2026, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for February 27, 2026. Dkt. 45; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated below, the court DENIES Defendants' Motion.

## BACKGROUND

The following facts are pleaded in the operative FAC and treated as true for purposes of the subject Motion.

On April 7, 2022, professional musician Merton and Merton & Grauwinkel GMBH released a musical composition titled "Blindside." Dkt. 38 ("FAC") ¶¶ 6, 31, 45. BMG Rights Management (US) LLC ("BMG") owns, administers, and controls an interest in and to the composition of Plaintiffs' song. *Id.* ¶ 49. On February 15, 2024, Defendants, through Alien Music Services, requested approval from BMG for use of Plaintiffs' song to be incorporated as a sample in Ye's song, "Gun To My Head." *Id.* ¶ 50. On March 4, 2024, BMG forwarded Defendants' request to Plaintiffs via email. *Id.* ¶ 51. In an email dated March 7, 2024, Plaintiffs replied to BMG, denying Defendants' request for use of Plaintiffs' song and giving no reason for the rejection. *Id.* ¶ 52. On the same day, BMG sought from Plaintiffs their reasoning for the denial of the request, and Plaintiffs provided the response, "the artist's values are contrary to our values." *Id.* ¶¶ 53–54.

On August 8, 2024, Ye's album *Vultures* was officially released, and included the song "Gun To My Head." *Id.* ¶ 57. On the same day, the song was published on YouTube. *Id.* ¶ 58. On August 20, 2024, BMG sent Defendants a letter demanding Defendants immediately cease, desist, and refrain from any further violation of Plaintiffs' rights, that Defendants confirm in writing Ye's compliance, and that Defendants provide a full accounting of any and all uses of Plaintiffs' song. *Id.* ¶ 63. Defendants did not respond to the letter. *Id.*

Plaintiffs subsequently filed the Complaint in this action (Dkt. 1) on March 25, 2025, and the FAC on November 6, 2025. Dkt. 38 ("FAC"). Plaintiffs allege a single cause of action against Defendants for copyright infringement. *Id.* ¶¶ 65–73. Defendants filed the instant Motion on December 2, 2025, which includes a motion for a more definite statement to determine if the FAC includes a claim concerning the "Blindside" sound recording, and a motion to strike paragraphs 3, 19, 33–44, and 56

in the FAC because they include allegations that are immaterial, impertinent, and scandalous. *See generally* Mot; Mot. Mem. Plaintiffs timely filed an Opposition (Opp'n), to which Defendants filed a Reply (Dkt. 43).

**DISCUSSION**

Defendants move to strike from the FAC (1) immaterial and impertinent allegations in paragraphs 3 and 33–44, which concern Defendants' involvement in prior copyright matters, and (2) immaterial, impertinent, and scandalous allegations in paragraphs 19 and 56, which concern the Holocaust and antisemitic remarks. Mot. Mem. at 4–6. Defendants also move for a more definite statement clarifying whether Plaintiffs plan to pursue a sound recording claim. *Id.* at 3–4. The court will address each argument in turn.

**I. Motion to Strike**

**A. Legal Standard**

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks and ellipses omitted). The grounds for a motion to strike "must appear on the face of the pleading under attack or from matter which the court may judicially notice." *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).

Motions to strike are generally disfavored and should not be granted unless the matter to be stricken clearly could have no possible bearing on an issue in the litigation. *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004). Nevertheless, "[g]ranting a motion to strike may be proper if it will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." *Nguyen v. CTS Elecs. Mfg. Sols. Inc.*, 301 F.R.D. 337, 340 (N.D. Cal. 2014). "Ultimately, whether to grant a motion to strike lies within the

sound discretion of the district court." *Id.*

**B. Analysis**

First, several of Plaintiffs' allegations in the FAC pertain to prior copyright lawsuits brought against Ye. FAC ¶¶ 3, 33–44. Plaintiffs allege Defendants' prior lawsuits show "willfulness, intent, and knowledge" regarding the subject copyright infringement alleged. FAC ¶¶ 34, 39; Opp'n at 6–7. "To prove willfulness under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights." *Unicolors, Inc. v. Urb. Outfitters, Inc.*, 853 F.3d 980, 991 (9th Cir. 2017) (cleaned up).

Allegations of previous copyright infringement lawsuits may be relevant to show Defendants' knowledge, intent, motive, plan, absence of mistake, preparation, identity, and lack of accident—indeed, courts are reluctant to strike allegations pertaining to prior lawsuits in copyright infringement cases. *See Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 301 F.R.D. 487, 491 (C.D. Cal. 2014) ("Courts have found that a defendant's litigation history may be relevant to the issue of willfulness in the copyright infringement context."); *see also Menzel v. Scholastic, Inc.*, Case No. 3:17-cv-05499-EMC, 2019 WL 109449, at *7 (N.D. Cal. Jan. 4, 2019) ("What happened in other copyright cases against Scholastic is relevant, especially as Mr. Menzel has now given specific examples of copyright infringement with respect to his photographs here."); Fed. R. Evid. 404(b)(2).

Even outside the copyright context, prior lawsuits may be relevant to the issue of punitive damages. *See AUXOCAP JC LLC v. The Med. Woman Grp., LLC*, Case No. 8:26-cv-00146-FWS (KESx), 2026 WL 1625150, at *8 (C.D. Cal. June 3, 2026) ("At this stage of the proceedings, recognizing that motions to strike are regarded with disfavor, the court is not persuaded such allegations are 'redundant, impertinent, or scandalous matter' because the allegations merely reference a prior, *public* lawsuit that may relate to the issue of punitive damages based on repeated, unlawful

conduct.”). The court, therefore, is not persuaded that allegations relating to prior copyright lawsuits could have no possible bearing on this litigation and declines to strike those portions of the FAC.

Second, several allegations in the FAC concern Merton’s background and Ye’s alleged antisemitic remarks. FAC ¶¶ 19, 56. Defendants argue these remarks are “immaterial, impertinent, and scandalous because they have no bearing on the alleged infringement and only serve to generate controversy in the press.” Mot. Mem. at 5. Plaintiffs respond Ye’s alleged remarks “played heavily into Plaintiffs’ decision not to allow Defendants to use Plaintiff’s [s]ong,” and they offer these statements to show “willfulness, intent, and knowledge in regard to the infringement in this case.” Opp’n at 7.

“Allegations supplying background or historical material or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendant. Moreover, allegations which contribute to a full understanding of the complaint as a whole need not be stricken.” *In re Facebook PPC Advertising Litig.*, 709 F. Supp. 2d 762, 773 (N.D. Cal. 2010) (internal citations omitted). “If there is any doubt whether the portion to be stricken might bear on an issue in the litigation the court should deny the motion.” *Platte Anchor*, 352 F. Supp. 2d at 1057. The court finds that the allegations concerning Merton’s background or Ye’s alleged remarks are not unduly prejudicial and may have some bearing on the litigation, including potentially at trial to explain Plaintiffs’ rationale for denying Defendants’ use of Plaintiffs’ song, and thus, striking those allegations under Rule 12(f) is unwarranted.

## II. Motion for More Definitive Statement

### A. Legal Standard

“A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.” Fed. R. Civ. P. 12(e). Motions for a more definite statement are “proper only where the complaint is so indefinite that the

defendant cannot ascertain the nature of the claim being asserted." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). A plaintiff need only "set forth enough details so as to provide the defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery." *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir. 1990). Rule 12(e) motions are viewed with disfavor and are rarely granted. *Sagan*, 874 F. Supp. at 1077.

**B. Analysis**

In the FAC, Plaintiffs plead one cause of action for copyright infringement of a musical composition, attaching the copyright to Plaintiff's musical composition as Exhibit A. FAC ¶¶ 66–68. Defendants argue the FAC prevents Defendants "from knowing if they should prepare a defense concerning the sound recording of "Blindside," citing several examples in the FAC where the words "sounds recorded," "sound recording," or "sound recordings" were used. Mot. Mem. 3–4. Plaintiffs respond they are "not explicitly pursuing the sound recording infringement claim," a claim concerning the sound recording is "non-existent," and there is "no doubt that if the [FAC] is silent to a claim, there is no 'vague' statement to clarify." Opp'n at 5–6. The court agrees with Plaintiffs.

While Defendants correctly state the FAC contains the words "sounds recorded," "sound recording," or "sound recordings," the inclusion of this terminology does not render the FAC unintelligible. "A Rule 12(e) motion is more likely to be granted where the complaint is so general that ambiguity arises in determining the nature of the claim," not where the cause of action has been clearly designated. *Sagan*, 874 F. Supp. at 1077. Because the underlying cause of action, copyright infringement for musical composition, is clearly pleaded, Defendants can answer the FAC. "Parties are expected to use discovery, not the pleadings, to learn the specifics of the claims being asserted." *Id.* The court DENIES Defendants' motion on these grounds.

## CONCLUSION

For the aforementioned reasons, the court DENIES Defendants' Motion. Defendants shall file their answer to the FAC by October 23, 2026.

IT IS SO ORDERED.

Dated: September 30, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge